**Tagged Opinion**



## ORDERED in the Southern District of Florida on December 27, 2010.

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

In re:

    **TOUSA, Inc.**, et al.,

        Debtors.
_____/

    **TOUSA Homes, Inc.**,

        Plaintiff,

-v-

    **Palm Beach Newspapers, Inc.**,

        Defendant.
_____/

Case No.: 08-10928–JKO

Chapter 11
(*Jointly Administered*)

Adversary Proceeding No.:

10-1153-JKO

**ORDER DENYING MOTION TO DISMISS [ECF No. 4]**

The Defendant has moved pursuant to Fed. R. Bankr. P. 7012, applying

Fed. R. Civ. P. 12(b)(6), to dismiss the Plaintiff's complaint seeking to recover alleged preferential

transfers under 11 U.S.C. § 547.  The Defendant argues that the Plaintiff's complaint fails to satisfy

-1-

the heightened pleading standards of *Twombley*[1] & *Iqbal*[2] as interpreted by *Caremerica*.[3] For the following reasons, I find that the *Caremerica* interpretation of preference adversary pleading requirements has only been adopted in this district in-part, and I decline to adopt the *Caremerica* interpretation *in toto*.  Because I find that the Plaintiff's complaint satisfies the heightened pleading standards of *Tombley* & *Iqbal*, the Defendant's Motion to Dismiss[4] is denied.

<u>Heightened Pleading in Preference Actions</u>

Bankruptcy courts are in the early stages of applying *Twombly* & *Iqbal* to preference claims.[5] There are conflicting rulings.  The disagreement started with the heightened pleading requirements adopted by Judge Walsh in the District of Delaware.[6]  In *Valley Media*, the court decided that a plaintiff bringing a preference claim must set forth certain facts to survive a Rule 12(b)(6) motion to dismiss, *inter alia*:

(a)    an identification of the nature and amount of each antecedent debt;

(b)    an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee, and (iv) the amount of the transfer.[7]

---

[1]  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007).

[2]  *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009).

[3]  *Angell v. BER Care, Inc. (In re Careamerica, Inc.)*, 409 B.R. 737 (Bankr. E.D.N.C. 2009).

[4]  Def. Palm Beach Newspapers, Inc.'s Mot. to Dismiss, ECF No. 4.

[5]  *See, e.g., In re Gluth Bros. Construction, Inc.*, 424 B.R. 379 (Bankr. N.D. Ill. 2009); *In re Hydrogen*, L.L.C., 431 B.R. 337 (Bankr. S.D.N.Y. 2010); *In re Prebul Jeep, Inc.*, 2010 WL 3304608 (Bankr. E.D. Tenn. 2010).

[6]  *In re Valley Media, Inc.*, 288 B.R. 189 (Bankr. D. Del. 2003); *In re C.R. Stone Concrete Contractors, Inc.*, 434 B.R. 208 (Bankr. E.D. Mass. 2010) (declining to apply the *Valley Media* pleading standard); *Angell v. BER Care, Inc. (In re Careamerica, Inc.)*, 409 B.R. 737 (Bankr. E.D.N.C. 2009) (applying the *Valley Media* pleading standard).

[7]  *Valley Media*, 288 B.R. at 192.

*Valley Media* was decided in 2003 and many courts, including a court within its district,[8] declined

to follow its pleading requirements as too harsh in light of the *Conley v. Gibson* regime.[9]  But the

court in *Careamerica* opined "that the decisions by the Supreme Court in *Twombly* and *Iqbal* breathe

new life into the pleading requirements implemented in *Valley Media* for § 547 preference claims."[10]

Many courts continue to disagree with *Valley Media* and *Careamerica*.[11]

<u>Treatment of the *Valley Media / Caremerica* Interpretation in This District</u>

A recent decision by Judge Ray in this district facially appeared to adopt *Careamerica* by

stating, "[t]his Court agrees with and adopts the legal reasoning of the *Careamerica* court."[12]  But

the order goes on to qualify that statement: "[t]he Plaintiff's failure to adequately distinguish *identity*

with respect to various obligors, guarantors, and transferors allegedly involved in the transactions

---

[8]  *In re The IT Group, Inc.*, 313 B.R. 370, 373 (Bankr. D. Del. 2004) ("the specificity demanded by *Valley Media* is . . . inappropriate and unnecessarily harsh . . . So long as the defendant is provided 'fair notice of what the plaintiff's claim is and the grounds upon which it rests,' the complaint should not be dismissed for failure to state a claim") (internal citations and quotation marks omitted).

[9]  *See Careamerica*, 409 B.R. at 753, n. 2 ("Although *In re Oakwood Homes* was decided prior to *Twombly* and *Iqbal*, it incorporates the *Valley Media* standard for pleadings in determining whether the complaint satisfied Rule 8(a)(2). While *Valley Media* has been distinguished or ignored by the majority of bankruptcy courts both nationwide as well as in Delaware, this court believes that the decisions by the Supreme Court in *Twombly* and *Iqbal* breathe new life into the pleading requirements implemented in *Valley Media* for § 547 preference claims. As such, the court finds persuasive cases such as *Oakwood Homes* which apply the *Valley Media* pleading standard.") (citing, *inter alia*, *OHC Liquidation Trust v. Credit Suisse First Boston, et al. (In re Oakwood Homes Corp.)*, 340 B.R. 510 (Bankr. D. Del. 2006)).

[10]  *Id*.

[11]  *See C.R. Stone*, 434 B.R. at 221 (holding that the new standards of *Twombly* and *Iqbal* did not require the court to "apply *In re Valley Media's* heightened pleading standards to the present case."); *see Gold v. Winget (In re NM Holdings Co., LLC)*, 407 B.R. 232, 256-57 (Bankr. E.D. Mich. 2009) (determining the "heightened pleading requirements imposed by the *Valley Media* case [are] inconsistent with the liberal notice pleading principles underlying the civil rules" and finding a more liberal standard consistent with *Twombly*) (citations omitted) (internal quotation marks omitted).

[12]  *Feltman v. Keybank, N.A. (In re Levitt and Sons, LLC)*, No. 09-02273-RBR, ECF No. 33, 2010 WL 1539878 (Bankr. S.D. Fla. Apr 16, 2010).

with KeyBank is fatal to . . . the Complaint."[13]  Judge Ray limited the application of *Careamerica* to the second of the pleading requirements: "an **identification** of each alleged preference transfer."[14] Judge Ray's April 16th order did not adopt *Careamerica's* pleading standard  *in toto*.

My interpretation of Judge Ray's April 16th order is supported by a later order in that same case.  Judge Ray entered an order ruling upon the plaintiff's motion to, *inter alia*, clarify certain aspects of the court's order granting motion to dismiss.[15]   Judge Ray defined the limits of *Careamerica's* application by stating, "In dismissing the Complaint without prejudice, the Order agreed with and adopted <u>certain legal positions</u> stated in *Angell v. BER Care, Inc. (In re Careamerica, Inc.)* . . . "[16]  The order goes on to state that the counts were dismissed under *Twombley* and *Iqbal* because of "[t]he Plaintiff's failure to adequately distinguish *identity* with respect to various obligors, guarantors, and transferors allegedly involved in the transactions . . . "[17] In other words, Judge Ray found that preference adversary complaints which fail to identify the source of an allegedly preferential transfer are inadequate under *Twombley* and *Iqbal*. This "amorphous payor problem" generally only rears its head in complex, jointly administered Chapter 11 cases where the debtors target a swath of allegedly preferential transferees.

I am confident that my colleagues in this district do not follow *Careamerica's* heightened pleading interpretation *in toto*, but do agree with *Caremerica* on the amorphous payor problem.

---

[13]  *Id.* (emphasis added).

[14]  *C.R. Stone*, 434 B.R. at 220 (emphasis added).

[15]  *Feltman v. Keybank, N.A. (In re Levitt and Sons, LLC)*, No. 09-02273-RBR, ECF No. 38 (Bankr. S.D. Fla. May 6, 2010).

[16]  *Id.* (citations omitted) (emphasis addded).

[17]  *Id.*

After Judge Ray clarified his position with respect to *Careamerica*, he granted leave for the plaintiff to re-assert Count III because the "[p]laintiff's failure to identify the source of the funds allegedly transferred to KeyBank is not fatal to that cause of action."[18]  Because "the principal focus of the Order [granting the defendant's motion to dismiss] was the Plaintiff's failure to identify which entities were the source of the funds allegedly paid to KeyBank,"[19] Count III was unaffected because it did "not seek the recovery of any funds transferred to KeyBank."  It is clear that Judge Ray dismissed the preference counts because the plaintiff inadequately plead which debtor entities were alleged to have paid the defendant.

Conclusion

Judge Ray's April 16, 2010 order in *Levitt and Sons* can only be read to adopt *Caremerica's* heightened pleading interpretation *in toto* by taking a quote out of context: "This Court agrees with and adopts the legal reasoning of the *Careamerica* court."  Read in its proper context (which includes the entirety of the April 16th order as well as the May 6th clarification order), it is clear that he did not adopt *Careamerica* in its entirety but merely agreed with *Caremerica* on the "amorphous payer problem."  The pleading requirements of *Careamerica* require more than the standard promulgated in *Twombly* and *Iqbal* and the liberal pleading policy underlying the civil rules.  I agree with *C.R. Stone* to the extent it rejects the *Careamerica* & *Valley Media* view:

> While plaintiffs should be encouraged to provide specific information in support of their claims whenever possible, to require them to do so in their initial pleading in all cases, particularly with the specificity demanded by *Valley Media,* is in this court's view inappropriate and unnecessarily harsh. The fact that Bankruptcy Rule 7008, which

---

[18] *Id.*

[19] *Id.*

> contains special pleading requirements in certain adversary cases
> before bankruptcy judges, fails to provide any such additional
> requirements for preference actions indicates it was intended that the
> adequacy of pleadings in such actions be judged under the notice
> pleading standard of Civil Rule 8(a)(2), which requires only a short
> and plain statement of the claim showing that the pleader is entitled
> to relief. So long as the defendant is provided fair notice of what the
> plaintiff's claim is and the grounds upon which it rests, the complaint
> should not be dismissed for failure to state a claim. Further
> elaboration, if required, may be obtained through the discovery
> process.[20]

This view is consistent with my own experience in asserting and defending against preference claims

during my thirty years as a bankruptcy lawyer: so long as the complaint makes clear who tranferred

what to whom and when, a preference defendant will have enough information to mount whatever

defenses may be available.  To require more is to mandate pedantry and to return federal courts to

the days of gotcha pleadings before the adoption of the Federal Rules of Civil Procedure.

I further find that under no reasonable interpretation of *Twombley* and *Iqbal* is a plaintiff

required to negate affirmative defenses (arising under § 547(c) or otherwise) in its complaint.

The Plaintiff's complaint states a preference claim with sufficient particularity to plausibly entitle

the Plaintiff to relief under the heightened pleading standards of *Twombley* & *Iqbal*, and it is

accordingly **ORDERED** that the Defendant's motion to dismiss at **ECF No. 4** is **DENIED**.

# # #

*The Clerk of Court is directed to provide copies of this order to all registered interested parties.*

---

[20] *C.R. Stone*, 434 B.R. at 220-21 (quoting *The IT Group*, 313 B.R. at 373) (internal quotation marks omitted).